UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE : <br> : <br> OTIS HERBERT HASTINGS and JUNE : <br> H. HASTINGS, : <br> : <br> Debtors. : <br> : <br> IN RE : <br> : <br> THERMION TECHNOLOGIES, INC., : <br> : <br> Debtor. : | Civil Action No. 08-5353 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court on the appeal filed by Debtors Otis Herbert Hastings and June H. Hastings (collectively referred to as the "Hastings"). The Hastings, appearing pro se, appeal from several Orders entered by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in two jointly administered bankruptcy proceedings: In Re Otis Herbert Hastings and June H. Hastings, No. 05-29969 (NLW) and In Re Thermion Technologies, Inc., No. 05-32270 (NLW). The appellee, Eric R. Perkins, Esq. ("Perkins" or the "Trustee"), who is the Trustee for the Bankruptcy Estates in the underlying proceedings, has filed his opposition to the appeal. For the reasons stated below, the Court dismisses a portion of the appeal as moot and affirms in part.

**I.     BACKGROUND**

On June 16, 2005, the Hastings commenced a joint bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq.  On July 18, 2005 Thermion Technologies, Inc. ("TTI") filed a voluntary Chapter 11 petition under the Bankruptcy Code.  Mr. Hastings was the president of Debtor TTI.  On July 25, 2005, the Bankruptcy Court entered an Order directing the joint administration of the Hastings and TTI cases.  Where appropriate, the Court will refer to the Hastings and TTI collectively as the "Debtors."

The Debtors filed plans of reorganization.  The Second Modified Plan of Reorganization (the "Plan") was confirmed by Order of April 12, 2007.  The Plan, which was a combined liquidating and reorganizing plan, provided that it would be funded, in part, by the sale of real property owned by the Hastings located at 136 East Crescent Avenue, Mahwah, New Jersey (the "Property").  In December, 2007, the United States Trustee filed a motion to convert the Hastings and TTI Chapter 11 cases to Chapter 7 proceedings.[1]  The Bankruptcy Court granted the motion, and by Order of January 22, 2008, converted the cases to proceedings under Chapter 7 of the Bankruptcy Code.  On January 24, 2008, the Bankruptcy Court appointed Perkins as Chapter 7 Trustee for the Debtors' jointly administered Bankruptcy Estates.

As part of his duties, the Trustee examined the claims listed as assets by the Hastings in their bankruptcy petition.  Based on a cost-benefit analysis, he determined that various personal

---

[1] Whereas Chapter 11 allows corporate and individual debtors to reorganize and adjust their debt with the aim of rehabilitating the debtor, Chapter 7 calls for the liquidation of the bankruptcy estate's assets so that creditors can be paid.  Toibb v. Radloff, 501 U.S. 157, 168 (1991) (Stevens, J., dissenting).

injury and property damage claims asserted against Chadwick-Greene Agency, David Wreski, Guardian Digital and Richard C. Greene would have little or no financial benefit for the Bankruptcy Estates.[2] In the Notice of Abandonment, filed June 6, 2008, the Trustee stated that those claims had no value because they had been litigated and denied. The Hastings's petition had valued the claims at $1,219,922.90. The Notice clearly stated that any objections were to be filed and served by June 25, 2008 and that if no objection was filed by that date, the abandonment would take effect on the fifth day following the last day to file objections. The Hastings filed an objection on July 25, 2008.

Pursuant to the Plan, the Trustee made efforts to sell the Property. The Trustee entered into a contract for the sale of the Property, and on March 5, 2008, he filed a motion for approval of the sale to purchaser Todd N. Terry. He certified to the Court that the Hastings did not live in the Property and that the Property had been vacant for some time. The Hastings, in response, filed two requests for a stay of all actions set forth in the Plan, including the sale of the Property. By Orders of April 8, 2008 and June 11, 2008, the Court denied both requests. On July 10, 2008, the Trustee moved again to sell the Property, this time to purchasers Zbigniew S. Dubij and Elizabeth Dubij. (The March, 2008 motion had been granted, but the contract of sale underlying that motion was not consummated.) The Hastings cross-moved to enjoin the sale. The Bankruptcy Court heard argument on the cross-motions on August 18, 2008, and on August 20, 2008 issued an Order authorizing of the sale of the Property, free and clear of liens, claims and

---

[2] Litigation involving the Debtors and Chadwick-Greene, Wreski, Guardian Digital and Greene was pending in the Superior Court of New Jersey, Bergen County, when the bankruptcy proceedings were initiated. The Bankruptcy Court below lifted the automatic stay on that litigation so that the state court judge could rule on the proof hearing conducted days before the Hastings filed their Chapter 11 case.

3

encumbrances pursuant to 11 U.S.C. § 363(b) and (f). On that date, the Bankruptcy Court also issued an Order denying the Debtor's cross-motion to enjoin the sale.

On September 10, 2008, the Hastings moved to stay the sale of the Property pending this appeal. The Bankruptcy Court denied that motion by Order dated September 23, 2008. Later, by Order of November 5, 2008, after consideration of the parties' submissions, the Bankruptcy Court denied the Hastings' motion styled by them as a motion objecting to Chapter 7 proceedings. The motion challenged, among other things, the sale of the Property.

The instant appeal was filed on October 31, 2008. The underlying bankruptcy cases remain open.

## II.   DISCUSSION

This Court has jurisdiction to hear appeals of the final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). This Court reviews the Bankruptcy Court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." In re American Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007); see also Fed. R. Bankr. P. 8013. Even an order that is not final under § 158(a) may be appealable under the collateral order doctrine established in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The Third Circuit has applied Cohen to provide

> a narrow exception to the general rule permitting appellate review only of final orders. An appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment. . . . To this end, as a doctrinal matter, orders that meet the three prongs described above are deemed to be "final decisions" within the meaning of the statute.

Petroleos Mexicanos Refinacion v. M/T King A (Ex-Tbilisi), 377 F.3d 329, 334 (3d Cir. 2004).

The Hastings are pursuing the instant appeal pro se, and thus the Court reads their papers liberally.  United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).  Even so, the Court notes that the papers submitted by the Hastings are puzzling at best.  They list a rambling and disjointed list of wrongs the Hastings allegedly suffered, and provide no legal basis for their various objections to orders entered by the Bankruptcy Court.  The submission improperly tasks this Court with deciphering what orders are being appealed.  The most helpful clue the Court can discern is the Hastings following statement:  This Appeal is a Motion Objecting to the entirety of the denial by Judge Winfield dated August 20, 2008 entitled "Order Denying Debtors' Cross-Motion to Enjoin Sale of Real Property" and Objecting to the Denial of all the Orders in evidence in the Cross-Motion filed by the Debtors.  (App. Br., at 1.)  The Debtors also object to the abandonment of certain claims by the Trustee, assert that the Plan is "illegal since it was violated by the collusion, fraud and conspiracy of the attornies [sic] and the Courts" and seek damages for "the injustices." (Id. at 3.)  As best the Court can construe, the Hastings appeal the August 20, 2008 Orders relating to the Bankruptcy Court's ultimate authorization of the sale of the Property and the Bankruptcy Court's implicit approval of the Trustee's June 6, 2008 Notice of Abandonment.

The sale of property by a trustee in Bankruptcy is governed by § 363 of the Bankruptcy Code.  It permits the sale of property by a trustee "after notice and a hearing."  11 U.S.C. § 363(b).  However, it imposes a limit on appellate review:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Pursuant to § 363(m), the Hastings' appeal concerning the Bankruptcy Court's orders authorizing the sale of the Property, denying the Hastings' cross-motions to enjoin the sale and denying their motion for a stay pending appeal is moot.  See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490, 499 (3d Cir. 1998); In re Continental Airlines, 91 F.3d 553, 558 (3d Cir. 1996) (discussing principle of "equitable mootness" reflected in § 363(m)).  The Third Circuit has held that

> there are two prerequisites for section 363(m) "statutory" mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease.

Krebs Chrysler-Plymouth, Inc., 141 F.3d at 499.  The Trustee complied with the requirements of § 363(b) to effect the sale of the Property.  Pursuant to Bankruptcy Rule 8005, the Bankruptcy Court in its discretion denied the Hastings' motion for a stay of the sale pending appeal, finding that their appeal was not likely to succeed, that the harm to the bankruptcy estate would exceed any benefit to the Hastings if the stay were granted and that no public interest weighed in favor of the stay.  See In re X-Cel Constructors of Delware, Inc., 76 B.R. 969 (D.N.J. 1987) (setting forth factors for bankruptcy court to consider in determining whether stay pending appeal should issue).  Apart from the fact that this appeal is not accompanied by a stay of the sale, this Court could not fashion any effective relief that would not violate § 363(m).  The sale of the Property has been consummated.  There is no evidence that the third-party purchaser did not purchase the Property in good faith, and therefore reversal or modification of the Order authorizing the sale would not affect the validity of the sale.  Thus, under Krebs, insofar as the instant appeal

concerns the Bankruptcy Court's authorization of the sale of the Property, it must be dismissed as moot.

As for the Trustee's decision to abandon certain claims, the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Once it is abandoned, the property reverts to the debtor. In re Matter of Henry, 173 B.R. 878, 883 n. 11 (Bkrptcy. D.N.J. 1993). The trustee filed a notice, and no objections to the abandonment were filed by the June 25, 2008 deadline. No order issued from the Bankruptcy Court on this matter, in light of the abandonment automatically taking effect five days after the deadline for objections. The Hastings filed their objection after the abandonment had taken effect, per the terms of the notice. They have failed to point to any error committed by the Bankruptcy Court with regard to the abandonment. They have not demonstrated that the Trustee's decision to abandon certain property ran afoul of the Bankruptcy Code, and their subjective belief in the value of the claims abandoned does not constitute grounds for an appeal. Accordingly, to the extent the Hastings' appeal can be understood to challenge the Bankruptcy Court's implicit approval of the abandonment, its approval is affirmed.

Finally, as for the Hastings' myriad other grievances, the Court finds that they are either too vague for this Court to address and/or fail to assert wrongdoing that concerns an error committed by the Bankruptcy Court in the proceedings below.

**III.    CONCLUSION**

For the foregoing reasons, the Court dismisses as moot the appeal insofar as it challenges the Bankruptcy Court's August 20, 2008 Order authorizing the Trustee to sell the Property and August 20, 2008 Order denying the Hastings' cross-motion to enjoin the sale.  The Court affirms the Bankruptcy Court's approval of the Trustee's June 6, 2008 Notice of Abandonment.  An appropriate form of Order will be filed together with this Opinion.

 s/ Stanley R. Chesler<br>
Stanley R. Chesler, U.S.D.J.

Dated: March 5, 2009